## RETURNS OF SERVICE

**Real Estate Attachment**

Hillsborough, SS.                                                                    October 20, 2009

    I attached all the lands and tenements in the County of _Hillsborough_ of the

within named defendant, _Brian Colsia and MAK Investments, LLC_ , to the

extent ordered on the reverse side of this writ, by leaving at the Office of the Registry of Deeds of said County,

a true copy of this writ, and of this my return endorsed thereon at _10:05_ AM/PM.

Fees:  Register $ _248 00_
      Service
      Copy                                    _____
      Travel   _____         Deputy Sheriff Or Person Making Attachment
              $

---------------------------------------------------------------------------------

**Trustee Attachment**

Hillsborough, SS.

    I attached the money, goods, chattels, rights and credits of the within named defendant

in the hands and possession of                                    to the extent ordered on the reverse

side of this writ and summoned the said trustee to appear as within commanded by  ---giving in hand to---

leaving at the abode of

at                                                        Street in

an attested copy of the within Writ at                    AM/PM.

Fees:  Service $
      Copy
      Travel   _____         _____
              $                                    Deputy Sheriff

---------------------------------------------------------------------------------

**Completion of Service**

Hillsborough, SS.                                                            10/20/09
    I notified the within named _Starter Title Services_ of above attachments by giving in

hand to                                    by leaving at the abode of

at _225 Derry Rd_ ~~Street~~ in _Hudson, NH_

an attested copy of this Writ together with my return endorsed thereon at        AM/PM.

Fees:  Service $
      Copy
      Travel   _____         _____
              $                                    Deputy Sheriff

HILLSBOROUGH COUNTY SHERIFF'S OFFICE
329 MAST ROAD
GOFFSTOWN, NH 03045

RETURN OF SERVICE

SHERIFF WRIT 09-18144-CP

JOHN LOCAPO V. BRIAN COLSIA, MAK INVESTMENTS, LLC

HILLSBOROUGH, SS                                      10/28/2009

      IT HAS BEEN DETERMINED THAT THERE WAS A NON-EST SERVICE OF THIS WRIT
ON STARTER TITLE SERVICES FOR THE FOLLOWING REASON: SIGN STILL HERE, NO
CARS, NO LIGHTS, UNABLE TO MAKE SERVICE, NO CURRENT ADDRESS KNOWN.

_____
DEPUTY SHERIFF M. MERRIFIELD

HILLSBOROUGH COUNTY
SUPERIOR COURT NORTH
2009 NOV -2 P 4: 02

4.

HILLSBOROUGH COUNTY SHERIFF'S OFFICE
329 MAST ROAD
GOFFSTOWN, NH 03045

RETURN OF SERVICE

SHERIFF WRIT 09-18144-CP
HILLSBOROUGH COUNTY SC, NORTH
DOCKET NUMBER 09C587

JOHN LOCAPO V. BRIAN COLSIA, MAK INVESTMENTS, LLC

10/20/2009

    I, NOTIFIED THE WITHIN NAMED DIANE CLAVELOUX, OF ATTACHMENTS BY
LEAVING AT THE ABODE OF WITHIN NAMED BEING AT 79 BROOKLINE RD, MASON, NH,
AN ATTESTED COPY OF THIS WRIT, TOGETHER WITH MY RETURN ENDORSED THEREON AT
07:10pm.

DEPUTY SHERIFF JILL CUMMINGS

HILLSBOROUGH COUNTY
SUPERIOR COURT NORTH
2009 NOV -2 P 4: 02

HILLSBOROUGH COUNTY SHERIFF'S OFFICE
329 MAST ROAD
GOFFSTOWN, NH 03045

RETURN OF SERVICE

SHERIFF WRIT 09-18144-CP
HILLSBOROUGH COUNTY SC, NORTH
DOCKET NUMBER 09C587

JOHN LOCAPO V. BRIAN COLSIA, MAK INVESTMENTS, LLC

10/20/2009

    I, NOTIFIED THE WITHIN NAMED BRIAN COLSIA, OF ATTACHMENTS BY LEAVING
AT THE ABODE OF WITHIN NAMED BEING AT 51 BAXTER ROAD, MERRIMACK, NH, AN
ATTESTED COPY OF THIS WRIT, TOGETHER WITH MY RETURN ENDORSED THEREON AT
03:33pm.

—————————————————————————
DEPUTY SHERIFF JILL CUMMINGS

HILLSBOROUGH COUNTY
SUPERIOR COURT NORTH

2009 NOV -2 P 4: 02

HILLSBOROUGH COUNTY SHERIFF'S OFFICE
329 MAST ROAD
GOFFSTOWN, NH 03045

RETURN OF SERVICE

SHERIFF WRIT 09-18144-CP
HILLSBOROUGH COUNTY SC, NORTH
DOCKET NUMBER 09C587

JOHN LOCAPO V. BRIAN COLSIA, MAK INVESTMENTS, LLC

10/20/2009

    I, NOTIFIED THE WITHIN NAMED MAK INVESTMENTS, LLC, OF ATTACHMENTS BY
LEAVING AT THE ABODE OF THE WITHIN NAMED BRIAN COLSIA, REGISTERED AGENT
BEING AT 51 BAXTER ROAD, MERRIMACK, NH, AN ATTESTED COPY OF THIS WRIT,
TOGETHER WITH MY RETURN ENDORSED THEREON AT 03:34pm.

DEPUTY SHERIFF JILL CUMMINGS

HILLSBOROUGH COUNTY
SUPERIOR COURT NORTH

2009 NOV -2  P 4: 03

HILLSBOROUGH COUNTY SHERIFF'S OFFICE
329 MAST ROAD
GOFFSTOWN, NH 03045

RETURN OF SERVICE

SHERIFF WRIT 09-18144-CP
HILLSBOROUGH COUNTY SC, NORTH
DOCKET NUMBER 09C587

JOHN LOCAPO V. BRIAN COLSIA, MAK INVESTMENTS, LLC

10/16/2009

    I ATTACHED THE MONEY, GOODS, CHATTELS, RIGHTS, AND CREDITS OF THE
WITHIN NAMED DEFENDANT BRIAN COLSIA AND MAK INVESTMENTS, LLC IN THE HANDS
AND POSSESSION OF TD BANK TO THE EXTENT ORDERED ON THE REVERSE SIDE OF THIS
WRIT, AND SUMMONED THE SAID TRUSTEE TO APPEAR AS WITHIN COMMANDED BY GIVING
IN HAND TO NOEMI COMOLLI, PERSON IN CHARGE BEING AT MAIN ST, NASHUA, NH, AN
ATTESTED COPY OF THE WITHIN WRIT AT 09:15am.

_____
DEPUTY SHERIFF JOSEPH WALLENT

HILLSBOROUGH COUNTY
SUPERIOR COURT NORTH
2009 NOV -2 P 4: 03

# THE STATE OF NEW HAMPSHIRE

**HILLSBOROUGH, SS**
**SOUTHERN DISTRICT**

**SUPERIOR COURT**

### WRIT OF ATTACHMENT
and
### TRUSTEE PROCESS

John Locapo     VS.     Brian Colsia
MAK Investments, LLC
TD Bank, Trustee Defendant

*To the Sheriff of Any County or His Deputy:*     Or Any Other Person:

**WE COMMAND YOU** to attach the goods or estate of   Brian Colsia and MAK Investments, LLC,

To the value of   One Million Dollars ($1,000,000.00)     dollars,

**WE ALSO COMMAND YOU** to attach the money, goods, chattels, rights and credits of the said

Brian Colsia and MAK Investments, LLC     in the hand of

TD Bank

to the value of   One Million Dollars ($1,000,000.00)     dollars, and

summon said   Brian Colsia and MAK Investments, LLC

if to be found in your precinct, to appear at said COURT, within, thirty days after service upon said trustee, and

show cause, if any s/he has, why execution should not issue against   TD Bank     for the

judgment which may be recovered by said plaintiff against principal defendant and make return of this writ with

your doings therein.

Said attachments are to secure any Judgment or Decree the plaintiff may obtain/has obtained in this action.

**Important Notice to Trustee: The within named Trustee(s) shall complete and file the enclosed
disclosure of trustee form with the Court, the plaintiff and the defendant within thirty (30) days
of receipt.**

Witness, Robert J. Lynn, Chief Justice, Superior Court, the _____15th_____ day of _____October_____, A.D. 20_09_.

_____
SIGNATURE OF PLAINTIFF/ATTORNEY

**William Aivalikles**
PRINTED/TYPED NAME

*Marshall A. Buttrick*
Marshall A. Buttrick, Clerk
30 Spring Street
Nashua, NH 03061-2072
(603) 883-6461

60 Main Street, Suite 230, Nashua, NH 03060
ADDRESS

603 / 880-0303
PHONE

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
http://www.courts.state.nh.us

Court Name: __Hillsborough County Superior Court-North__

Case Name: __John Locapo__    v. __Brian Colsia, MAK Investments, LLC, TD Bank, Trustee Defendant, et al__

Plaintiff/Petitioner

Case Number: __09-C-587__
(if known)

## PETITION / MOTION FOR *EX PARTE* ATTACHMENT

The Plaintiff/Petitioner requests permission to make the following attachments without prior notice to the Defendant/Respondent:

| Name of Defendant/Respondent | Category of Property to be attached (check one) | | Amount of attachment |
| --- | --- | --- | --- |
| | **Real Estate** Provide address or book & page reference. Attach additional pages if necessary. | **Other** | |
| Brian Colsia | Real Estate | trustee process | $1,000,000 |
| MAK Investments, LLC | Real Estate | trustee process | $1,000,000 |

A. The Plaintiff/Petitioner certifies the following facts to establish a reasonable likelihood that he/she will recover the amount stated above.  (Specify facts in detail.  Attach additional pages if necessary). **See attached.**

B. The Plaintiff/Petitioner asserts that such an attachment is justified on the following grounds: (Specify which of the statutory grounds for making an *ex parte* attachment applies and detail the facts warranting the application of those grounds.  Attach additional pages if necessary).

[XX] There is substantial danger the property sought to be attached will be damaged, destroyed, concealed, or removed from the state and placed beyond the attachment jurisdiction of the court.

[ ] There is imminent danger of transfer to a bona fide third party.

[ ] Other: **See attached.**

Date: __10/7/09__

Petitioner/Plaintiff Signature
(If petitioner is a corporation or partnership, a duly authorized officer or partner shall sign.)

State of __NH__, County of __Hillsborough__

This instrument was acknowledged before me on __10-7-09__ by __John Locapo__

My Commission Expires __5-16-2012__

Signature of Notarial Officer / Title

Affix Seal, if any

REBEKAH JEAN BORDELEAU
NOTARY PUBLIC – NEW HAMPSHIRE
MY COMMISSION EXPIRES 05/16/2012

Page 1 of 2

Case Name: _____

Case Number: ___09-C-587_____

PETITION FOR *EX PARTE* ATTACHMENT

---

## ORDER

☐ Petition / motion to attach is denied.

☒ Petition / motion to attach is granted.  The Plaintiff/Petitioner is granted permission to make the above attachment(s) and shall complete service on the Defendant/Respondent within ___30___ days.

☐ Petition / motion to attach is granted subject to the following modifications:

_____

_____

_____

_____

_____

_____

_____

_____


10/8/09
10:30 a.m.

Date

Judge
Gillian L. Abramson, J.

---

## NOTICE TO DEFENDANT/RESPONDENT

The court has authorized the above attachment to secure any judgment or decree that the Plaintiff/Petitioner may obtain.  You have the right to object in writing, ask for a hearing and request that the attachment be removed.  Any objection to this attachment shall be filed in writing within 14 days after service of this notice on you.  If you fail to file such a request within the time specified in the order, you will be deemed to have waived your right to a hearing with reference to the attachment, but not with reference to the merits of the Plaintiff/Petitioner's claim.

___10/8/09_____

Date

Clerk of Court / Register of Probate

A TRUE COPY:
ATTEST: _____John M. Safford_____
                           Clerk

## ATTACHMENT

A.      The Defendants, Brian Colsia and/or MAK Investments, LLC, were paid a total of $550,000.00 toward the purchase of real estate that they claimed title to.  The Defendants, Brian Colsia and/or MAK Investments, LLC, did not own the real estate that they were selling to the Plaintiff.  The Defendants, Brian Colsia and/or MAK Investments, LLC, have engaged in documented fraud in the past (see attached documents).

B.      The Defendants, Brian Colsia and MAK Investments, LLC, have engaged in fraudulent conduct in the past as follows:

1.      See attached petition by the New Hampshire Banking Commissioner dated July 7, 2006, concerning the issuance of a cease and desist order concerning Defendants engaging in unlicensed mortgage banking.

2.      See attached petition by the New Hampshire Banking Commissioner concerning the issuance of a cease and desist order due to Defendants engaging in mortgage banking and/or brokerage debt and/or second mortgage loans to consumers.

3.      On August 17, 2006, the US Bankruptcy Judge, in the case of <u>Drew, et al v. MAK Investments, LLC and Brian Colsia</u>, found that the Defendants were involved in a fraudulent transaction (see attached Court decision).

4.      On November 29, 2007, the Defendants entered into a consent agreement concerning the requested cease and desist order by the New Hampshire Banking Commissioner.

5.      On February 14, 2007, the Concord Monitor wrote the attached article concerning Defendants predatory lending practices.

6.     On May 18, 2007, the US Bankruptcy Judge, in the case of <u>Comtois v.</u>
<u>MAK Investments, LLC</u>, found the Defendant engaged in unfair and deceptive practices
contrary to RSA 358-A:2 (see attached order).

1

           State of New Hampshire Banking Department

2

3    In re the Matter of:          )  Case No.: 06-087
                                    )
4    State of New Hampshire Banking )  Cease and Desist Order
                                    )
5    Department,                    )
                                    )
6              and                  )
                                    )
7    Mak Investments LLC, Brian Colsia, )
                                    )
8    Gabe Cohen and Laura Cohen,    )
                                    )
9              Respondents          )
                                    )
10                                  )
                                    )
11   ────────────────────────────────

12                        NOTICE OF ORDER

13

14        This Order commences an adjudicative proceeding under the provisions of

     RSA 397-A:18 II, RSA 398-A:1-b IV, and 399-D:23 II, and RSA 541-A.

15        LEGAL AUTHORITY AND JURISDICTION - Unlicensed Mortgage Banking

16        Pursuant to RSA 397-A:18 II, the Banking Department of the State of New

17   Hampshire (hereinafter the "Department") has the authority to issue and cause

     to be served an order requiring any person engaged in any act or practice

18   constituting a violation of RSA 397-A or any rule or order thereunder, to

19   cease and desist from violations of RSA 397-A.

20        Pursuant to RSA 397-A:3 any person engaged in the business of making or

21   brokering residential mortgage loans secured by New Hampshire property

22   (consisting of 1-4 family units) is required to hold a Department Mortgage

23   Banking or Brokering license.

24        LEGAL AUTHORITY AND JURISDICTION - Unlicensed Second Mortgage Banking
          Pursuant to RSA 398-A:1-b VI, the Department has the authority to issue

25   and cause to be served an order requiring any person engaged in any act or

                        Cease and Desist Order - 1

1  practice constituting a violation of RSA 398-A or any rule or order

2  thereunder, to cease and desist from violations of RSA 398-A.

3      Prior to September 2005, all persons engaging in the business of making

4  or brokering second mortgage home loans secured by New Hampshire residential

5  property (consisting of 1-4 family units) were required to hold a Department

   second mortgage home loan lender or broker license pursuant to RSA 398-A:1-a.

6

7      **LEGAL AUTHORITY AND JURISDICTION - Unlicensed Debt Adjustment**
       Pursuant to RSA 399-D:23 II, the Department has the authority to issue

8  and cause to be served an order requiring any person engaged in any act or

9  practice constituting a violation of RSA 399-D or any rule or order

10 thereunder, to cease and desist from violations of RSA 399-D.

11     Pursuant to RSA 399-D:3 I all persons engaged in the business of debt

12 adjustment, either by having their debt adjustment business located in New

13 Hampshire, or by offering debt adjustment services to consumers located in

   New Hampshire are required to be licensed by the Department.

14
       **NOTICE OF RIGHT TO REQUEST A HEARING - All Causes of Action**

15     The above named respondent has the right to request a hearing on this

16 Order to Cease and Desist, as well as the right to be represented by counsel

17 at the Respondent's own expense. A hearing shall be held not later than 10

18 days after the request for such hearing is received by the commissioner. Within

19 20 days of the date of the hearing the commissioner shall issue a further order

20 vacating the cease and desist order or making it permanent as the facts

21 require.  All hearings shall comply with RSA 541-A.  If the person to whom a

   cease and desist order is issued fails to appear at the hearing after being

22 duly notified, such person shall be deemed in default, and the proceeding may

23 be determined against him or her upon consideration of the cease and desist

24 order, the allegations of which may be deemed to be true.

25     If the person to whom a cease and desist order is issued fails to request a

   hearing within 30 calendar days of receipt of such order, then such person

1  shall likewise be deemed in default, and the order shall, on the thirty-first

2  day, become permanent, and shall remain in full force and effect until and

3  unless later modified or vacated by the commissioner, for good cause shown.

4  Any such request for a hearing shall be in writing, and signed by the

5  respondent or by the duly authorized agent of the above-named respondent, and

6  shall be delivered either by hand or certified mail, return receipt

7  requested, to the Banking Department, State of New Hampshire, 64B Old Suncook

   Road, Concord, NH 03301.

8  STATEMENT OF ALLEGATIONS, APPLICABLE LAW AND RELIEF REQUESTED - All Causes of

9                                     Action

10     The Staff Petition dated June 20, 2006 (a copy of which is attached

11  hereto) is incorporated by reference hereto.

12

13                       ORDER - All Causes of Action

14     WHEREAS, finding it necessary and appropriate and in the public

15  interest, and consistent with the intent and purposes of the New Hampshire

    banking laws, and

16     WHEREAS, finding that the allegations contained in the Staff Petition,

17  if proved true and correct, form the legal basis of the relief requested,

18     It is hereby ORDERED, that:

19         1. The Respondent immediately cease engaging in the activity of a

20            mortgage banker/broker on residential property in New

21            Hampshire; and

22         2. The Respondent immediately cease engaging in the activity of a

23            second mortgage banker/broker on residential property in New

            Hampshire;

24         3. The respondent immediately cease engaging in debt adjustment

25            business located in New Hampshire and/or activities with

              consumers located in New Hampshire;

                       Cease and Desist Order - 3

1      4. Failure to request a hearing within 30 days of the date of

2         receipt of this Order shall result in a default judgment being

3         rendered and the relief request will be imposed upon the

4         defaulting Respondent.

                                        SIGNED,

5

6
   Dated: _____7/7/06_____        _____/S/_____
7                                      PETER C. HILDRETH
                                       BANK COMMISSIONER
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25