STATE OF NEW HAMPSHIRE

HILLSBOROUGH, SS                                                SUPERIOR COURT
NORTHERN DISTRICT

John Locapo
v.
Brian Colsia and MAK Investments, LLC;
Starter Title Services;
Diane Claveloux;
and
TD Bank, Trustee Defendant

Docket No.: 2009-C-587

SPECIAL APPEARANCE

Returnable 1st Tuesday of __November__, 2009                Court _____
                                                             Jury __X__

Please indicate below the name of the Plaintiff's Attorney if the number of the case is not known:

To the Clerk of the Superior Court:

   In the above action please enter my appearance as counsel for
      **Diane Claveloux and Starter Title Services**

         Coughlin, Rainboth, Murphy & Lown
              Professional Association

BY: _____
       Kenneth D. Murphy, Esquire (NH Bar No.: 1843)
       439 Middle Street, Portsmouth, NH 03801
       Tel. (603) 431-1993   Fax (603) 431-8333

Duplicate appearance card mailed to:

   William Aivalikles, Esquire _____

Date: October 30, 2009

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
http://www.courts.state.nh.us

Court Name: Hillsborough County Superior Court-North

Case Name: John Locapo, Plaintiff/Petitioner v. Brian Colsia, MAK Investments, LLC, TD Bank, Trustee Defendant, et al

Case Number: 09-C-587 (if known)

## PETITION / MOTION FOR *EX PARTE* ATTACHMENT

The Plaintiff/Petitioner requests permission to make the following attachments without prior notice to the Defendant/Respondent:

| Name of Defendant/Respondent | Category of Property to be attached (check one) Real Estate — Provide address or book & page reference. Attach additional pages if necessary. | Other | Amount of attachment |
|---|---|---|---|
| Brian Colsia | Real Estate | trustee process | $1,000,000 |
| MAK Investments, LLC | Real Estate | trustee process | $1,000,000 |

A. The Plaintiff/Petitioner certifies the following facts to establish a reasonable likelihood that he/she will recover the amount stated above. (Specify facts in detail. Attach additional pages if necessary). **See attached.**

B. The Plaintiff/Petitioner asserts that such an attachment is justified on the following grounds: (Specify which of the statutory grounds for making an *ex parte* attachment applies and detail the facts warranting the application of those grounds. Attach additional pages if necessary).

[X] There is substantial danger the property sought to be attached will be damaged, destroyed, concealed, or removed from the state and placed beyond the attachment jurisdiction of the court.

[ ] There is imminent danger of transfer to a bona fide third party.

[ ] Other: **See attached.**

Date: 10/7/09

Petitioner/Plaintiff Signature
(If petitioner is a corporation or partnership, a duly authorized officer or partner shall sign.)

State of NH, County of Hillsborough

This instrument was acknowledged before me on 10-7-09 by John Locapo

My Commission Expires 5-16-2012

Affix Seal, if any

Signature of Notarial Officer / Title

REBEKAH JEAN BORDELEAU
NOTARY PUBLIC – NEW HAMPSHIRE
MY COMMISSION EXPIRES 05/16/2012

NHJB-2181-DPS (09/05/2008)
(Probate – formerly AOC 239-003)

Page 1 of 2

Case Name: _____
Case Number: __09-C-587__
PETITION FOR *EX PARTE* ATTACHMENT

## ORDER

☐ Petition / motion to attach is denied.

☒ Petition / motion to attach is granted. The Plaintiff/Petitioner is granted permission to make the above attachment(s) and shall complete service on the Defendant/Respondent within __30__ days.

☐ Petition / motion to attach is granted subject to the following modifications:

_____

10/8/09
10:30 a.m.
Date

Judge _(signed)_
Gillian L. Abramson, J.

### NOTICE TO DEFENDANT/RESPONDENT

The court has authorized the above attachment to secure any judgment or decree that the Plaintiff/Petitioner may obtain. You have the right to object in writing, ask for a hearing and request that the attachment be removed. Any objection to this attachment shall be filed in writing within 14 days after service of this notice on you. If you fail to file such a request within the time specified in the order, you will be deemed to have waived your right to a hearing with reference to the attachment, but not with reference to the merits of the Plaintiff/Petitioner's claim.

10/8/09
Date

Clerk of Court / Register of Probate

NHJB-2181-DPS (09/05/2008)
(Probate – formerly AOC 239-003)

Page 2 of 2

# **ATTACHMENT**

A.  The Defendants, Brian Colsia and/or MAK Investments, LLC, were paid a total of $550,000.00 toward the purchase of real estate that they claimed title to. The Defendants, Brian Colsia and/or MAK Investments, LLC, did not own the real estate that they were selling to the Plaintiff. The Defendants, Brian Colsia and/or MAK Investments, LLC, have engaged in documented fraud in the past (see attached documents).

B.  The Defendants, Brian Colsia and MAK Investments, LLC, have engaged in fraudulent conduct in the past as follows:

1.  See attached petition by the New Hampshire Banking Commissioner dated July 7, 2006, concerning the issuance of a cease and desist order concerning Defendants engaging in unlicensed mortgage banking.

2.  See attached petition by the New Hampshire Banking Commissioner concerning the issuance of a cease and desist order due to Defendants engaging in mortgage banking and/or brokerage debt and/or second mortgage loans to consumers.

3.  On August 17, 2006, the US Bankruptcy Judge, in the case of <u>Drew, et al v. MAK Investments, LLC and Brian Colsia</u>, found that the Defendants were involved in a fraudulent transaction (see attached Court decision).

4.  On November 29, 2007, the Defendants entered into a consent agreement concerning the requested cease and desist order by the New Hampshire Banking Commissioner.

5.  On February 14, 2007, the Concord Monitor wrote the attached article concerning Defendants predatory lending practices.

6.  On May 18, 2007, the US Bankruptcy Judge, in the case of <u>Comtois v. MAK Investments, LLC</u>, found the Defendant engaged in unfair and deceptive practices contrary to RSA 358-A:2 (see attached order).

State of New Hampshire Banking Department

In re the Matter of:               ) Case No.: 06-087
                                   )
State of New Hampshire Banking     ) Cease and Desist Order
                                   )
Department,                        )
                                   )
        and                        )
                                   )
Mak Investments LLC, Brian Colsia, )
                                   )
Gabe Cohen and Laura Cohen,        )
                                   )
        Respondents                )
                                   )
                                   )
                                   )

## NOTICE OF ORDER

This Order commences an adjudicative proceeding under the provisions of RSA 397-A:18 II, RSA 398-A:1-b IV, and 399-D:23 II, and RSA 541-A.

**LEGAL AUTHORITY AND JURISDICTION – Unlicensed Mortgage Banking**
Pursuant to RSA 397-A:18 II, the Banking Department of the State of New Hampshire (hereinafter the "Department") has the authority to issue and cause to be served an order requiring any person engaged in any act or practice constituting a violation of RSA 397-A or any rule or order thereunder, to cease and desist from violations of RSA 397-A.

Pursuant to RSA 397-A:3 any person engaged in the business of making or brokering residential mortgage loans secured by New Hampshire property (consisting of 1-4 family units) is required to hold a Department Mortgage Banking or Brokering license.

**LEGAL AUTHORITY AND JURISDICTION – Unlicensed Second Mortgage Banking**
Pursuant to RSA 398-A:1-b VI, the Department has the authority to issue and cause to be served an order requiring any person engaged in any act or

practice constituting a violation of RSA 398-A or any rule or order thereunder, to cease and desist from violations of RSA 398-A.

Prior to September 2005, all persons engaging in the business of making or brokering second mortgage home loans secured by New Hampshire residential property (consisting of 1-4 family units) were required to hold a Department second mortgage home loan lender or broker license pursuant to RSA 398-A:1-a.

### LEGAL AUTHORITY AND JURISDICTION - Unlicensed Debt Adjustment

Pursuant to RSA 399-D:23 II, the Department has the authority to issue and cause to be served an order requiring any person engaged in any act or practice constituting a violation of RSA 399-D or any rule or order thereunder, to cease and desist from violations of RSA 399-D.

Pursuant to RSA 399-D:3 I all persons engaged in the business of debt adjustment, either by having their debt adjustment business located in New Hampshire, or by offering debt adjustment services to consumers located in New Hampshire are required to be licensed by the Department.

### NOTICE OF RIGHT TO REQUEST A HEARING - All Causes of Action

The above named respondent has the right to request a hearing on this Order to Cease and Desist, as well as the right to be represented by counsel at the Respondent's own expense. A hearing shall be held not later than 10 days after the request for such hearing is received by the commissioner. Within 20 days of the date of the hearing the commissioner shall issue a further order vacating the cease and desist order or making it permanent as the facts require.  All hearings shall comply with RSA 541-A.  If the person to whom a cease and desist order is issued fails to appear at the hearing after being duly notified, such person shall be deemed in default, and the proceeding may be determined against him or her upon consideration of the cease and desist order, the allegations of which may be deemed to be true.

If the person to whom a cease and desist order is issued fails to request a hearing within 30 calendar days of receipt of such order, then such person

shall likewise be deemed in default, and the order shall, on the thirty-first day, become permanent, and shall remain in full force and effect until and unless later modified or vacated by the commissioner, for good cause shown. Any such request for a hearing shall be in writing, and signed by the respondent or by the duly authorized agent of the above-named respondent, and shall be delivered either by hand or certified mail, return receipt requested, to the Banking Department, State of New Hampshire, 64B Old Suncook Road, Concord, NH 03301.

**STATEMENT OF ALLEGATIONS, APPLICABLE LAW AND RELIEF REQUESTED - All Causes of Action**

The <u>Staff Petition</u> dated June 20, 2006 (a copy of which is attached hereto) is incorporated by reference hereto.

<u>ORDER - All Causes of Action</u>

WHEREAS, finding it necessary and appropriate and in the public interest, and consistent with the intent and purposes of the New Hampshire banking laws, and

WHEREAS, finding that the allegations contained in the Staff Petition, if proved true and correct, form the legal basis of the relief requested,

It is hereby ORDERED, that:

1. The Respondent immediately cease engaging in the activity of a mortgage banker/broker on residential property in New Hampshire; and
2. The Respondent immediately cease engaging in the activity of a second mortgage banker/broker on residential property in New Hampshire;
3. The respondent immediately cease engaging in debt adjustment business located in New Hampshire and/or activities with consumers located in New Hampshire;

Cease and Desist Order - 3

```
 1      4. Failure to request a hearing within 30 days of the date of
 2         receipt of this Order shall result in a default judgment being
 3         rendered and the relief request will be imposed upon the
 4         defaulting Respondent.
                                          SIGNED,
 5
 6   Dated:     7/7/06                       /S/
 7                                        PETER C. HILDRETH
                                          BANK COMMISSIONER
 8
```